UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOSEPH GOLDSTEIN,

        13-CV-1856 (CS) (PED)

Petitioner,

- against -

**ORDER ADOPTING REPORT AND RECOMMENDATION**

TIMOTHY LAFFIN,

Respondent.
----------------------------------------------------------------------x

Seibel, J.

    Before the Court are Petitioner's Objections, (Doc. 27) ("Objs."), to the Report and Recommendation (the "R&R") of United States Magistrate Judge Paul E. Davison dated June 18, 2014, (Doc. 26), in which Judge Davison recommends that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. 1), be denied as time-barred. Familiarity with the Petition, the R&R, Petitioner's previous application under 28 U.S.C. § 2254 (No. 09-CV-6824), the legal standards governing Section 2254 petitions, and the legal standards governing District Court review of R&Rs, is presumed.

    Petitioner concedes that his Petition is time-barred absent equitable tolling, but argues he is entitled to such tolling because the R&R did not address Petitioner's belief that he could not seek exhaustion of the claims in his earlier mixed petition because there was no Sullivan County judge before whom he could exhaust. (Objs. at 1, 5.) As pointed out in my Order adopting the R&R recommending that his original Petition be dismissed, (No. 09-CV-6824, Doc. 23), New York law contains provisions for the temporary assignment of a judge from outside the County, *see* N.Y. Const. art. VI, § 26; 22 N.Y.Comp. Codes R. & Regs. tit. 22, § 33.0, and Petitioner's lack of awareness of those provisions does not rise to the level of a rare and exceptional

circumstance that would warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (petitioner must show that extraordinary circumstances prevented timely filing); *Strano v. Warden*, No. 11-CV-1810, 2014 WL 358987, at *3 (D. Conn. Jan. 30, 2014) (*pro se* status, unfamiliarity with law or lack of access to legal material do not justify equitable tolling); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002) (lack of legal knowledge does not excuse delay in filing).[1]

Petitioner next argues that when Judge Davison presented Petitioner with the law governing mixed petitions and asked Petitioner if he wished to request a stay of the federal case in order to exhaust the unexhausted claims in the original Petition, (*see* No. 09-CV-6824, Doc. 12 & 2/23/11 minute entry), he was overstepping his bounds, in that Magistrate Judges can only issue R&Rs on dispositive matters, and thus Judge Davison could not have remanded the case to state court.  Petitioner argues that because I – who had the power to remand to state court – never offered him that option, he is entitled to equitable tolling.  (Objs. at 2-3, 5-7.)  First, Petitioner seems to be under the misapprehension that a stay, holding the habeas petition in abeyance pending exhaustion, requires remand to state court; it does not.  A Magistrate Judge can stay the federal case because doing so is not dispositive.  *See Margrabe v. Sexter & Warmflash, P.C.*, No. 07-CV-2798, 2009 WL 361830, at *3 n.4 (S.D.N.Y. Feb. 11, 2009) (motion to stay is not dispositive).  The Petitioner can thereafter file whatever he needs to file in state court in order to exhaust, and the Magistrate Judge can later lift the stay of the federal case if appropriate.

---

[1] Copies of the unreported cases cited herein will be sent to Petitioner to the extent they have not already been sent by Magistrate Judge Davison.

Second, Petitioner seems to think that this Court is required to repeatedly invite him to exhaust his mixed petition; it is not. Petitioner affirmatively rejected that option in the clearest terms in front of Judge Davison, (*see* No. 09-CV-6824, Doc. 15 at 7), and never timely asked this Court to relieve him of that decision. In his objections to Judge Davison's R&R recommending dismissal of his mixed Petition, (No. 09-CV-6824, Doc. 15), Petitioner argued only that he had exhausted his claims or could not do so, not that he wished to stay the petition and return to state court to exhaust, (*see* No. 09-CV-6824, Doc. 17.) He then made a motion under Federal Rule of Civil Procedure 60(b) based on Respondent's alleged fraud on the court, and in his several filings in connection with that motion never said that he had any desire to stay his habeas petition and exhaust the unexhausted claims. (*See* No. 09-CV-6824, Docs. 31, 37, 41, 42.) He later moved to amend, in order to reassert the previously unexhausted claims, and only in his objections to Judge Davison's R&R recommending denial of leave to amend, (No. 09-CV-6824, Doc. 58), did Petitioner finally say that he wished he had taken Judge Davison up on his offer to hold the federal case in abeyance pending exhaustion, (*see* No. 09-CV-6824, Doc. 59). In adopting that R&R, I noted that Judge Davison had explained the stay-and-abeyance option in detail to Petitioner in writing and on the record[2]; that Petitioner had insisted on not seeking a stay; that Petitioner in his objections to the first R&R never sought a stay; and that to

---

[2]Judge Davison issued an Order, dated January 14, 2011, (No. 09-CV-6924, Doc. 12), stating his preliminary view that the Petition was a mixed petition containing both exhausted and unexhausted claims; laying out the Court's various options; citing to several cases that discussed the stay-and-abeyance procedure and the possibility that the one-year statute of limitations might otherwise run before a petitioner could fully exhaust a mixed petition; and setting a conference to discuss the matter. It was during that conference that Petitioner disputed that the petition was mixed and stated that he would neither seek a stay nor exhaust. (*See* No. 09-CV-6924, Doc. 15 at 7.)

allow Petitioner to evade the consequences of his freely and knowingly chosen path would amount to condoning abusive or dilatory tactics.  (*See* No. 09-CV-6824, Doc. 60.)

Allowing equitable tolling here would amount to the same thing.  Unlike the petitioners in the cases Petitioner cites – *Urcinoli v. Cathel*, 546 F.3d 269 (3d Cir. 2008); *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001); *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) – Petitioner was given the option of holding his Section 2254 petition in abeyance while exhausting his unexhausted claims in state court, and he turned down that option.[3]  Having affirmatively and knowingly eschewed the way out of the dilemma noted in those cases, Petitioner cannot now rely on those cases to justify equitable tolling.  He presents no authority for the proposition that a knowing and voluntary choice not to exhaust a mixed petition is an extraordinary circumstance warranting equitable tolling, and the Court cannot imagine why it would be.

Petitioner next argues that Judge Davison wrongly rejected his argument that he was unaware of the factual predicate of his claim until he discovered the book *Forensic Aspects of Driver Perception and Response* and a Google map of the area where he allegedly committed his offense.  (Objs. at 8-12.)  I agree with Judge Davison's reasoning in this regard.  The factual predicate of Petitioner's claim is that what the flagman testified to was physically impossible.  Such a claim could have been presented without Petitioner having that book or map.  Both are just supporting evidence for a claim of which Petitioner easily could have been aware years sooner with ordinary diligence.  Both the book and maps of the area existed before Petitioner

---

[3]Petitioner also cites *Castro v. United States*, 540 U.S. 375 (2003), but that case is likewise inapposite because it involved a petitioner whose petition was recharacterized without his knowledge and who was never informed of the consequences of that recharacterization.  Petitioner here was given a choice as to how to proceed and his attention was directed to case law setting forth the potential ramifications.

was even arrested.  Even if Petitioner in prison could not have gotten his hands on that particular book, information about phenomena such as distance traveled per second or sight-stopping distance is hardly revolutionary and could have been obtained from myriad other sources. Likewise, even if Petitioner could not have gotten access to Google maps, there are many sources for a map of the relevant area.

      Finally, Petitioner argues actual innocence.  (Objs. at 12-17.)  Again I agree with Judge Davison's reasoning.  Even if I accepted all of Petitioner's calculations – which are hard to follow and seem to make several assumptions the validity of which is unclear – he would show at most that a witness's testimony might not be wholly accurate in all respects.  But not every inaccuracy in a witness's testimony casts doubt on the defendant's guilt (especially where, as here, the defendant pleaded guilty), let alone presents the required credible and compelling claim of actual innocence.  The information Petitioner proffers here does not rise to the level of rendering it more likely than not that no reasonable juror would have found him guilty – *i.e.*, more likely than not that every reasonable juror would have had a reasonable doubt.

Accordingly, having reviewed the R&R *de novo*, I find no error in the Magistrate Judge's conclusions, and hereby adopt the R&R as the decision of the Court.  The Petition is dismissed.  As Petitioner has not made a substantial showing that he was denied a constitutional right, no certificate of appealability will issue.  *See* 28 U.S.C. § 2253(c).  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: July 14, 2014
      White Plains, New York

                                                                             _____
                                                                             CATHY SEIBEL, U.S.D.J.